## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-CR-20419-MOORE/DAMIAN

**UNITED STATES OF AMERICA**,

v.

**DAVON CLYDE YOUNG**,

　　　Defendant.

_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Referral from the Honorable K. Michael Moore, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant, Davon Clyde Young ("Defendant"). [ECF No. 24]. Based upon the change of plea hearing conducted on January 11, 2024, the undersigned makes the following findings and recommends that the guilty plea be accepted.

1.　　The undersigned advised Defendant of his right to have these proceedings conducted by Judge Moore, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Referral from Judge Moore. I further advised Defendant that Judge Moore would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Moore. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with

his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2.      Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3.      Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and was knowingly and voluntarily waiving them.

4.      Defendant indicated he was knowingly and voluntarily pleading guilty to Counts 1 and 4 of the Indictment filed in this case, which charge him with conspiracy to distribute a controlled substance, to wit, five-hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846 (Count 1), and distribution of such controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) (Count 4). [ECF No. 13]. I advised Defendant that, as to Count 1, the maximum penalty the Court may impose is a term of forty (40) years' imprisonment, with a mandatory minimum sentence of five (5) years' imprisonment, followed by a term of supervised release of at least four (4) years. As to Count 4, I advised Defendant that the maximum penalty the Court may impose is a term of twenty (20) years' imprisonment, which may run consecutively with any sentence imposed by the Court as to Count 1, followed by a term of supervised release of at least three (3) years. I further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $5,000,000 as to Count 1, and

a fine of up to $1,000,000 as to Count 4, and the Court will assess a mandatory special assessment of $100.00 per count, for a total of $200.00, which is due at the time of sentencing. Defendant acknowledged that he understands the possible penalties the Court may impose, including the minimum and maximum penalties, in addition to forfeiture and restitution.

5.      Defendant also acknowledged that he understands the Sentencing Guidelines and that he has discussed with his attorney the applicable guidelines range, as well as applicable departures.

6.      Defendant stated that his decision to plead guilty is voluntary and not the result of force, threats, or promises.

7.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. [ECF No. 26]. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant and his counsel agreed that the facts proffered by the Government satisfy all elements of the crimes charged, and Defendant and his counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

8.      The parties entered into a written plea agreement that was thereafter filed with the Court. [ECF No. 27]. The plea agreement includes certain terms agreed by the parties.

9.      I reviewed the terms of the written plea agreement on the record, including the following: Defendant will plead guilty to Counts 1 and 4 of the Indictment, and the Government will seek dismissal of the remaining counts (Counts 2, 3, 5, and 6) after sentencing; the parties agree they will jointly recommend to the Court, although not binding on the sentencing judge, that the quantity of the controlled substance involved in the offenses,

for purposes of Section 2D1.1 of the Sentencing Guidelines, is 682.1 grams of cocaine, and that the Court impose a sentence without regard to any statutory minimum sentence, pursuant to Section 5C1.2 of the Sentencing Guidelines, provided that Defendant satisfies the requirements set forth in paragraph 8 of the plea agreement; and the parties agree to a two or three level reduction to Defendant's base offense level under Section 3E1.1 of the Sentencing Guidelines based on acceptance of responsibility as long as Defendant complies with the obligations set forth in the plea agreement. There were no other agreements contained within the written plea agreement regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised at the time of sentencing.

10.    Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney.

11.    Defendant further acknowledged that he understands that in the event the District Judge does not accept the parties' recommendations or sentences him to terms that are greater than he anticipated, that will not be grounds for withdrawal of his guilty plea.

12.    Defendant acknowledged that he agrees to forfeit to the United States property constituting or derived from proceeds of the crime to which he is pleading guilty, including forfeiture of substitute property. The attorney for the United States indicated that the United States had not identified assets for forfeiture and, therefore, has not yet sought forfeiture.

13.    Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

14.     Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 4 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

15.     A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing date will be set by separate order.

As agreed by the parties on the record, the parties will have until **Tuesday, January 16, 2024**, to file written objections to this Report and Recommendation, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 12th day of January, 2024.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE


Copies to:
Hon. K. Michael Moore, *U.S. District Judge*
Counsel of Record